1   S, D. Narayan, Esq. (SBN 130964)
    Gregory M. Franchi, Esq. (SBN 133705)
2   Julie Cho, Esq. (SBN 225401)
    THE NARAYAN LAW FIRM
3   1212 Broadway, Suite 704
    Oakland, California, 94612
4   Telephone: (510) 839-5350
    Facsimile: (510) 839-5355
5

6   Attorneys for Defendants
    Warren E. Rupf, Sheriff,
7   Contra Costa County and
    Michael Costa, as an individual
8

9                   UNITED STATES DISTRICT COURT

10                          FOR THE

11              NORTHERN DISTRICT OF CALIFORNIA
                  (San Francisco/Oakland Division)
12
    KRISTY LINKENHOKER                    **Case No.: C06-05432-EDL**
13                                        ORDER ON
              Plaintiff,                  STIPULATED PROTECTIVE ORDER
14
    v.
15
    WARREN E. RUPF, SHERIFF,
16  CONTRA COSTA COUNTY
    SHERIFF'S DEPARTMENT, CONTRA
17  COSTA COUNTY, MICHAEL COSTA,
    AS AN INDIVIDUAL,
18
              Defendants.
19

20
                                        /
21

22  1. PURPOSES AND LIMITATIONS

23        Disclosure and discovery activity in this action are likely to involve production of

24  confidential, proprietary, or private information for which special protection from public

25  disclosure and from use for any purpose other than prosecuting this litigation would be

26  warranted.  County asserts confidential information consists of information that

27  has not been made public and which information may have the effect of jeopardizing

28  the health and safety of County personnel as well as interfering with the County's

1  operation of its correctional facilities.  Accordingly, the parties hereby stipulate to and

2  petition the court to enter the following Stipulated Protective Order. The parties

3  acknowledge that this Order does not confer blanket protections on all disclosures or

4  responses to discovery and that the protection it affords extends only to the limited

5  information or items that are entitled under the applicable legal principles to treatment as

6  confidential. The parties further acknowledge, as set forth in Section 10, below, that this

7  Stipulated Protective Order creates no entitlement to file confidential information under

8  seal; Civil Local Rule 79-5 and 7-11 which sets forth the procedures that must be

9  followed and reflects the standards that will be applied when a party seeks permission

10  from the court to file material under seal.

11  2. DEFINITIONS

12      2.1    Party: any party to this action, including all of its officers, directors,

13  employees, consultants, retained experts, and outside counsel (and their support staff}.

14      2.2    Disclosure or Discovery Material: all items or information, regardless of

15  the medium or manner generated, stored, or maintained (including, among other things,

16  testimony, transcripts, or tangible things) that are produced or generated in disclosures or

17  responses to discovery in this matter.

18      2.3    "Confidential" Information or Items: information (regardless of how

19  generated, stored or maintained) or tangible things that qualify for protection under

20  standards developed under F.R.Civ.P. 26(c).

21      2.4    "Highly Confidential - Review by Authorized Personnel Only" Information

22  or Items: extremely sensitive "Confidential Information or Items" whose disclosure to

23  another Party or nonparty would create a substantial risk of serious injury that could not

24  be avoided by less restrictive means.

25      2.5    Receiving Party: a Party that receives Disclosure or Discovery Material

26  from a Producing Party.

27      2.6    Producing Party: a Party or non-party that produces Disclosure or

28  Discovery Material in this action.

2.7.   Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential Review by Authorized Personnel Only."

2.8   Protected Material: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential - Review by Authorized Personnel Only."

2.9.   Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10   House Counsel: attorneys who are employees of a Party.

2.11   Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.12   Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

/ / /

4. DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5. DESIGNATING PROTECTED MATERIAL

5.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify - so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions. If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

(a)     for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - REVIEW BY AUTHORIZED

1   PERSONNEL ONLY" at the top of each page that contains protected material. If only a
2   portion or portions of the material on a page qualifies for protection, the Producing Party
3   also must clearly identify the protected portions) (e.g., by making appropriate markings in
4   the margins) and must specify, for each portion, the level of protection being asserted
5   (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - REVIEW BY
6   AUTHORIZED PERSONNEL ONLY"). A Party or non-party that makes original
7   documents or materials available for inspection need not designate them for protection
8   until after the inspecting Party has indicated which material it would like copied and
9   produced. During the inspection and before the designation, all of the material made
10  available for inspection shall be deemed "HIGHLY CONFIDENTIAL - REVIEW BY
11  AUTHORIZED PERSONNEL ONLY." After the inspecting Party has identified the
12  documents it wants copied and produced, the Producing Party must determine which
13  documents, or portions thereof, qualify for protection under this Order, then, before
14  producing the specified documents, the Producing Party must affix the appropriate legend
15  ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - REVIEW BY AUTHORIZED
16  PERSONNEL ONLY") at the top of each page that contains Protected Material. If only a
17  portion or portions of the material on a page qualifies for protection, the Producing Party
18  also must clearly identify the protected portion(s) (e.g., by making appropriate markings
19  in the margins) and must specify, for each portion, the level of protection being asserted
20  (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL REVIEW BY
21  AUTHORIZED PERSONNEL ONLY").

22              (b)      for testimony given in deposition or in other pretrial or trial
23  proceedings, that the Party or non-party offering or sponsoring the testimony identify on
24  the record, before the close of the deposition, hearing, or other proceeding, all protected
25  testimony, and further specify any portions of the testimony that qualify as "HIGHLY
26  CONFIDENTIAL -- REVIEW BY AUTHORIZED PERSONNEL ONLY." When it is
27  impractical to identify separately each portion of testimony that is entitled to protection,
28  and when it appears that substantial portions of the testimony may qualify for protection,

1    the Party or non-party that sponsors, offers, or gives the testimony may invoke on the

2    record (before the deposition or proceeding is concluded) a right to have up to 20 days to

3    identify the specific portions of the testimony as to which protection is sought and to

4    specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY

5    CONFIDENTIAL - REVIEW BY AUTHORIZED PERSONNEL ONLY"). Only those

6    portions of the testimony that are appropriately designated for protection within the 20

7    days shall be covered by the provisions of this Stipulated Protective Order. Transcript

8    pages containing Protected Material must be separately bound by the court reporter, who

9    must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY

10   CONFIDENTIAL - REVIEW BY AUTHORIZED PERSONNEL ONLY," as instructed

11   by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

12            (c)       for information produced in some form other than documentary, and

13   for any other tangible items, that the Producing Party affix in a prominent place on the

14   exterior of the container or containers in which the information or item is stored the

15   legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - REVIEW BY

16   AUTHORIZED PERSONNEL ONLY." If only portions of the information or item

17   warrant protection, the Producing Party, to the extent practicable, shall identify the

18   protected portions, specifying whether they qualify as "Confidential" or as "Highly

19   Confidential - Review by Authorized Personnel Only."

20       5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure

21   to designate qualified information or items as "Confidential" or "Highly Confidential -

22   Review by Authorized Personnel Only" does not, standing alone, waive the Designating

23   Party's right to secure protection under this Order for such material. If material is

24   appropriately designated as "Confidential" or "Highly Confidential - Review by

25   Authorized Personnel Only" after the material was initially produced, the Receiving Party,

26   on timely notification of the designation, must make reasonable efforts to assure that the

27   material is treated in accordance with the provisions of this Order.

28   / / /

1 | 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

2 |      6.1   Timing of Challenges. Unless a prompt challenge to a Designating Party's

3 | confidentiality designation is necessary to avoid foreseeable substantial unfairness,

4 | unnecessary economic burdens, or a later significant disruption or delay of the litigation, a

5 | Party does not waive its right to challenge a confidentiality designation by electing not to

6 | mount a challenge promptly after the original designation is disclosed.

7 |      6.2   Meet and Confer. A Party that elects to initiate a challenge to a Designating

8 | Party's confidentiality designation must do so in good faith and must begin the process by

9 | conferring directly (in voice to voice dialogue; other forms of communication are not

10 | sufficient) with counsel for the Designating Party.  In conferring, the challenging Party

11 | must explain the basis for its belief that the confidentiality designation was not proper and

12 | must give the Designating Party an opportunity to review the designated material, to

13 | reconsider the circumstances, and, if no change in designation is offered, to explain the

14 | basis for the chosen designation.  A challenging Party may proceed to the next stage of

15 | the challenge process only if it has engaged in this meet and confer process first.

16 |      6.3   Judicial Intervention. A Party that elects to press a challenge to a

17 | confidentiality designation after considering the justification offered by the Designating

18 | Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil

19 | Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in

20 | detail the basis for the challenge.  Each such motion must be accompanied by a competent

21 | declaration that affirms that the movant has complied with the meet and confer

22 | requirements imposed in the preceding paragraph and that sets forth with specificity the

23 | justification for the confidentiality designation that was given by the Designating Party in

24 | the meet and confer dialogue. The burden of persuasion in any such challenge proceeding

25 | shall be on the Designating Party. Until the court rules on the challenge, all parties shall

26 | continue to afford the material in question the level of protection to which it is entitled

27 | under the Producing Party's designation.

28 | / / /

1  7. ACCESS TO AND USE OF PROTECTED MATERIAL

2      7.1    Basic Principles. A Receiving Party may use Protected Material that is

3  disclosed or produced by another Party or by a non-Party in connection with this case only

4  for prosecuting, defending, or attempting to settle this litigation. Such Protected Material

5  may be disclosed only to the categories of persons and under the conditions described in

6  this Order. When the litigation has been terminated, a Receiving Party must comply with

7  the provisions of section 11, below (FINAL DISPOSITION). Protected Material must be

8  stored and maintained by a Receiving Party at a location and in a secure manner that

9  ensures that access is limited to the persons authorized under this Order.

10      7.2    Disclosure of "CONFIDENTIAL" Information Or Items. Unless otherwise

11  ordered by the court or permitted in writing by the Designating Party, a Receiving Party

12  may disclose any information or item designated CONFIDENTIAL only to:

13      (a)    the Receiving Party's Outside Counsel of record in this action, as

14  well as employees of said Counsel to whom it is reasonably necessary to disclose the

15  information for this litigation and who have signed the "Agreement to Be Bound by

16  Protective Order" that is attached hereto as Exhibit A;

17      (b)    the officers, directors, and employees (including House Counsel) of

18  the Receiving Party to whom disclosure is reasonably necessary for this litigation and who

19  have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

20      (c)    experts (as defined in this Order) of the Receiving Party to whom

21  disclosure is reasonably necessary for this litigation and who have signed the "Agreement

22  to Be Bound by Protective Order" (Exhibit A);

23      (d)    the Court and its personnel;

24      (e)    court reporters, their staffs, and professional vendors to whom

25  disclosure is reasonably necessary for this litigation and who have signed the "Agreement

26  to Be Bound by Protective Order" (Exhibit A);

27      (f)    during their depositions, witnesses in the action to whom disclosure

28  is reasonably necessary and who have signed the "Agreement to Be Bound by Protective

Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

        (g)    the author of the document or the original source of the information.

    7.3   Disclosure of "HIGHLY CONFIDENTIAL - REVIEW BY AUTHORIZED PERSONNEL ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL - REVIEW BY AUTHORIZED PERSONNEL ONLY" only to:

        (a)    the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

        (b)    Experts (as defined in this Order) (I) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

        (c)    the Court and its personnel;

        (d)    court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

        (e)    the author of the document or the original source of the information.

8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

    If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - REVIEW BY AUTHORIZED PERSONNEL ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after

1  receiving the subpoena or order. Such notification must include a copy of the subpoena or

2  court order. The Receiving Party also must immediately inform in writing the Party who

3  caused the subpoena or order to issue in the other litigation that some or all the material

4  covered by the subpoena or order is the subject of this Protective Order.  In addition, the

5  Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the

6  Party in the other action that caused the subpoena or order to issue.  The purpose of

7  imposing these duties is to alert the interested parties to the existence of this Protective

8  Order and to afford the Designating Party in this case an opportunity to tay to protect its

9  confidentiality interests in the court from which the subpoena or order issued. The

10  Designating Party shall bear the burdens and the expenses of seeking protection in that

11  court of its confidential material - and nothing in these provisions should be construed as

12  authorizing or encouraging a Receiving Party in this action to disobey a lawful directive

13  from another court.

14  9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

15     If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

16  Protected Material to any person or in any circumstance not authorized under this

17  Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing

18  the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all

19  copies of the Protected Material, (c) inform the person or persons to whom unauthorized

20  disclosures were made of all the terms of this Order, and (d) request such person or

21  persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached

22  hereto as Exhibit A.

23  10. FILING PROTECTED MATERIAL.

24     Without written permission from the Designating Party or a court order secured

25  after appropriate notice to all interested persons, a Party may not file in the public record

26  in this action any Protected Material. A Party that seeks to file under seal any Protected

27  Material must comply with Civil Local Rule 79-5 and 7-11.

28  / / /

1  11. FINAL DISPOSITION.

2    Unless otherwise ordered or agreed in writing by the Producing Party, within sixty

3  days after the final termination of this action, each Receiving Party must return all

4  Protected Material to the Producing Party. As used in this subdivision, "all Protected

5  Material" includes all copies, abstracts, compilations, summaries or any other form of

6  reproducing or capturing any of the Protected Material. With permission in writing from

7  the Designating Party, the Receiving Party may destroy some or all of the Protected

8  Material instead of returning it. Whether the Protected Material is returned or destroyed,

9  the Receiving Party must submit a written certification to the Producing Party (and, if not

10  the same person or entity, to the Designating Party) by the sixty day deadline that

11  identifies (by category, where appropriate) all the Protected Material that was returned or

12  destroyed and that affirms that the Receiving Party has not retained any copies, abstracts,

13  compilations. summaries or other forms of reproducing or capturing any of the Protected

14  Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy

15  of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney

16  work product, even if such materials contain Protected Material. Any such archival copies

17  that contain or constitute Protected Material remain subject to this Protective Order as set

18  forth in Section 4 (DURATION), above.

19  12. MISCELLANEOUS

20    12.1   Right to Further Relief.  Nothing in this Order abridges the right of any

21  person to seek its modification by the Court in the future.

22    12.2   Right to Assert Other Objections.  By stipulating to the entry of this

23  Protective Order no Party waives any right it otherwise would have to object to disclosing

24  or producing any information or item on any ground not addressed in this Stipulated

25  Protective Order. Similarly, no Party waives any right to object on any ground to use in

26  evidence of any of the material covered by this Protective Order.

27  / / /

28  / / /

1   IT IS SO STIPULATED. THROUGH COUNSEL OF RECORD.

2

3   Date: February 13, 2007      By: _Valerie O'Dell_

4                                         Valerie O'Dell, Esq.
                                        Attorney for Plaintiff

5                                         KRISTY LINKENHOKER

6   Date: February 13, 2007      By: _____

7                                           Gregory M. Franchi
                                        Attorney for Defendant

8                                         Warren E. Rupf, Sheriff,
                                        Contra Costa County and

9                                         Michael Costa, as an individual

10                                    ORDER

11       Pursuant to the foregoing Stipulation of the parties, and good cause of appearing

12 therefore,

13   IT IS SO ORDERED.

14

15   DATED:  February 26, 2007 _____

16                     ELIZABETH
                    UNITED                JUDGE

*IT IS SO ORDERED*
*Elizabeth D. Laporte*
*Judge Elizabeth D. Laporte*
(UNITED STATES DISTRICT COURT — NORTHERN DISTRICT OF CALIFORNIA)

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name],

of _____ [print or type full address], declare

under penalty of perjury that I have read in its entirety and understand the Stipulated

Protective Order that was issued by the United States District Court for the Northern

District of California on February ___, 2007 in the case of *Linkenhoker v. Warren E.*

*Rupf, Sheriff, Contra Costa County Sheriff's Department, Contra Costa County, Michael*

*Costa, as an Individual.*; Case No. **C06-05432-EDL**.  I agree to comply with and to be

bound by all the terms of this Stipulated Protective Order and I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment in

the nature of contempt. I solemnly promise that I will not disclose in any manner any

information or item that is subject to this Stipulated Protective Order to any person or

entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for

the Northern District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after termination

of this action.

I hereby appoint_____[print or type full name]

of _____[print or type full address and telephone number]

as my California agent for service of process in connection with this action or any

proceedings related to enforcement of this Stipulated Protective Order.

Date:_____

City and State where shown and signed:_____

Printed name: _____

[Printed name]

Signature:_____

[signature]